**WEST v. CONRAD et al.**
**Civil A. No. 8207–Y.**

United States District Court
S. D. California, Central Division.

March 23, 1950.

George W. Manierre, Paul G. Breckenridge, Los Angeles, Cal., for plaintiff.

Arnold L. Leader, Leonard Wilson, Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

The above entitled cause came on regularly for trial on October 12 and 13, 1948, plaintiff, Mabel E. West, appearing by her attorneys, and the defendants, W. E. Conrad and Howard F. Conrad, appearing by their attorneys, and evidence having been duly introduced by each of the parties, and the Court having heard the testimony, and having examined the proofs offered by the respective parties and the cause having been submitted to the Court for decision, and the written memorandum of decision having been rendered in favor of the defendants and against the plaintiff under date of October 16, 1948, now therefore, the Court makes the following

### Findings of Fact

**I**

The jurisdiction of this Court arises under and by virtue of the provisions of Section 205 of the Housing and Rent Act of 1947, and as amended, 50 U.S.C.A. Appendix, § 1895, which section of said act specifically confers jurisdiction upon this Court to hear and determine this matter.

**II**

That at all times in the complaint mentioned, and in the amended complaint mentioned, the plaintiff and defendants were residents of the County of Los Angeles, and that all parties hereto are citizens of the State of California residing within this jurisdiction district.

### III

That the defendants, W. E. Conrad and Howard F. Conrad are brothers and that the record title of the premises located at 7462 Hollywood Boulevard in the City of Los Angeles, County of Los Angeles, stands in the name of Howard F. Conrad; that however, the defendant, W. E. Conrad is, and at all times in said complaint was, in possession of said premises and entitled thereto and that on or about March 4, 1947, said defendant, W. E. Conrad, entered into a written lease agreement of the aforementioned premises with the plaintiff herein, a copy of which lease agreement is attached to the complaint herein on file, and the original of which has heretofore been introduced into evidence by the plaintiff, and is presently before the Court.

### IV

That said written lease agreement, among other things, provides that the term of said lease be for the term of two (2) years commencing on the 15th day of March, 1947 and ending on the 14th day of March, 1949, at the total rent or sum of $8,400 payable monthly in advance on the 15th day of each and every calendar month of said term in equal monthly installments of $350 under which lease it was further provided that the lessee should deposit an additional sum of $350 to cover the last month of the term of said lease.

### V

That the plaintiff entered into possession of said dwelling house pursuant to the terms of said lease, and paid rent regularly to the defendant herein in the sum of $350 per month for each and every month up to and including the 15th day of April, 1948.

### VI

The court finds that at the time of the making of said lease as heretofore mentioned, it was the mutual intention and contemplation of the parties that the premises were to be used by the plaintiff for business purposes, more particularly, for the purpose of plaintiff's conducting therein a rest home for ill and infirm persons or so-called pa-tients of an ambulatory nature, and not for the purpose of plaintiff occupying said premises for housing or dwelling purposes within the scope of said term as used in the Housing and Rent Act of 1947, 50 U.S. C.A. Appendix, § 1881 et seq., or said Act as amended.

### VII

The Court finds that following the making of said lease as heretofore mentioned, the premises were actually used by the plaintiff for business purposes; that is, for the conducting of a business therein and more particularly that said business consisted of plaintiff's conducting therein a rest home for ill and infirm persons or so-called patients of an ambulatory nature which persons were persons requiring nursing and medical care and attention, and the Court further finds that plaintiff did not use said premises primarily for housing or dwelling purposes within the scope of said term as used in the Housing and Rent Act of 1947, or said Act as amended.

### VIII

The Court finds that the defendant, W. E. Conrad, has not demanded or accepted nor received payment of rent in excess of the maximum rent prescribed under the authority of the Emergency Price Control 50 U.S.C.A.Appendix, § 901 et seq., and as prescribed under the authority of the Housing and Rent Act of 1947.

The Court further finds by reason of the findings heretofore mentioned, that the plaintiff is not entitled to recover of and from said defendants, all attorneys' fees, nor her costs, and further that said plaintiff is not entitled to recover any monies whatsoever from the defendants, or either of them by reason of the alleged overcharge by the defendants, nor is she entitled to recover from the defendants liquidated damages in the amount of three times the amount of said alleged overcharge as claimed by the plaintiff for the reason that, as aforesaid, said lease agreement by and between the plaintiff and defendant that the rents received thereunder were not within the controls and limitations as contained in the Emergency Price Control Act of 1942, and of said Act as amended, nor

under the authority of the Housing and Rent Act of 1947, or said Act as amended.

From the foregoing Findings of Fact, the Court makes the following

## Conclusions of Law

### I

The Court has jurisdiction in the instant action.

### II

That it was not within the contemplation of the parties hereto that the subject premises be leased for housing purposes as such, but rather, that at all times in the complaint mentioned, it was the contemplation of the parties that the subject premises be used for the purposes of conducting a business therein.

### III

That the premises were actually used by the plaintiff for business purposes; that is, for the conducting of a business therein and more particularly that said business consisted of plaintiff's conducting therein a rest home for ill and infirm persons or so-called patients of an ambulatory nature which persons were persons requiring nursing and medical care and attention, and that plaintiff did not use said premises primarily for housing or dwelling purposes within the scope of said term as used in the Housing and Rent Act of 1947, or said Act as amended.

### IV

That the defendants have not violated the provisions of the Emergency Price Control Act of 1942, and of said Act as amended, nor the provisions of the Housing and Rent Act of 1947, or of said Act as amended, and particularly that the defendants have not violated the provisions of Section 205 of the Housing and Rent Act of 1947, or of said Act as amended.

### V

Plaintiff is entitled to no judgment of any nature against the defendants, and defendants are entitled to judgment for and against the plaintiff, and for their costs herein.

Let judgment be entered accordingly.